Present:  All the Justices

BETHANIE JANVIER
                                        OPINION BY
v.  Record No. 052231        JUSTICE LAWRENCE L. KOONTZ, JR.
                                     September 15, 2006
GARY ARMINIO, D.P.M., ET AL.


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                      R. Terrence Ney, Judge


     In this appeal, which arises from a medical malpractice

action, the principal issue to be resolved is whether an order

granting the plaintiff a second nonsuit without prejudice,

pursuant to Code § 8.01-380(B), is void ab initio in the absence

of notice to the named defendants when the named defendants in

the suit have not yet been served with the plaintiff's motion

for judgment.  The merits of the underlying malpractice claim

are not at issue, and the procedural facts necessary to our

resolution of this appeal are not in dispute.

                           BACKGROUND

     As will become apparent, this case involves protracted

litigation spanning a period of some five years with no

resolution of the merits of the plaintiff's asserted claim.

Although several familiar statutes and rules of this Court are

implicated by the procedural facts of the case that have been

addressed by this Court in a number of our prior decisions, we

have not addressed previously the specific issue presented here

with regard to the application of Code § 8.01-380 as currently enacted. Nevertheless, for reasons that will also become apparent, we take this opportunity initially to observe that the prospect of similar cases in the future resulting from a series of nonsuits is not speculative. Both future plaintiffs and defendants might well benefit should the General Assembly amend Code § 8.01-380 by providing a requirement for notice or the exercise of due diligence to give notice to a defendant when a plaintiff seeks a second or subsequent nonsuit.

The several statutes and rules of this Court implicated in this case impose, in combination, critical limitations upon the plaintiff's right to maintain a civil action such as the present one. Accordingly, we begin our analysis with a brief recitation, in pertinent part, of those statutes and rules in order to bring the procedural facts into appropriate focus.

Code § 8.01-243(A) provides a two-year limitations period "after the cause of action accrues" in actions for medical malpractice. Once timely filed, the plaintiff may nonsuit the action pursuant to Code § 8.01-380 under specific circumstances and limitations. Code § 8.01-380(A) provides that "[a] party shall not be allowed to suffer a nonsuit . . . unless he does so before a motion to strike the evidence has been sustained or before the jury retires from the bar or before the action has been submitted to the court for decision." Code § 8.01-380(B)

2

further provides that "[o]nly one nonsuit may be taken . . . as a matter of right, although the court may allow additional nonsuits or counsel may stipulate to additional nonsuits." When the plaintiff properly suffers a nonsuit, Code § 8.01-229(E)(3) provides that "the statute of limitations with respect to such action shall be tolled by the commencement of the nonsuited action, and the plaintiff may recommence his action within six months from the date of the order entered by the court, or within the original period of limitation . . . , whichever period is longer."

In addition to these statutory provisions, the procedural facts of this case implicate consideration of the applicability of Code § 8.01-275.1, which provides that "[s]ervice of process . . . within twelve months of commencement of the action or suit against a defendant shall be timely as to that defendant." This statute further provides that service of process on a defendant more than twelve months after the suit or action was commenced "shall be timely upon a finding by the court that the plaintiff exercised due diligence to have timely service made on the defendant."

Finally, turning to the rules of this Court implicated in this case, Rule 3:5(e)[1] provides that "[n]o order, judgment or decree shall be entered against a defendant who was served with process more than one year after the institution of the action . . . unless the court finds as a fact that the plaintiff exercised due diligence to have timely service on that defendant." Rule 1:1 provides that "[a]ll final . . . orders . . . shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer."

On May 21, 2001, Bethanie Janvier filed a motion for judgment in the Circuit Court of Fairfax County ("trial court") against Gary Arminio, D.P.M. and Burke Foot and Ankle Center, P.C. (collectively, "Arminio"), alleging medical malpractice arising from Dr. Arminio's treatment of Janvier while acting within the scope of his employment.[2] The last date Janvier received treatment from Arminio was November 14, 1999. Code

---

[1] Former Rule 3:3(c) was in force at the time the proceedings in this case were conducted in the trial court. The provisions of former Rule 3:3(c) are now contained in Rule 3:5(e) and are substantially identical. Accordingly, we will refer to the current rule in this opinion.

[2] Brantley P. Vitek, Jr., M.D. was also named as a defendant. Dr. Vitek subsequently was dismissed from the suit with prejudice and is not a party to this appeal.

§ 8.01-243(A); see Justice v. Natvig, 238 Va. 178, 180, 381 S.E.2d 8, 9 (1989).

Janvier did not seek to obtain service of process on Arminio within one year of filing her motion for judgment. Code § 8.01-275.1. In order to avoid dismissal of the case under Rule 3:5(e), Janvier filed a motion for entry of a voluntary nonsuit. Janvier did not provide Arminio with notice of her intent to seek the nonsuit. On June 3, 2002, the trial court entered an order of nonsuit ("first nonsuit"). Code § 8.01-380(B).

On October 7, 2002, Janvier recommenced her medical malpractice action against Arminio by filing a second motion for judgment making substantially the same allegations as in the first suit. Code § 8.01-229(E)(3). Once again, Janvier did not seek to obtain service of process on Arminio within one year.

On December 4, 2003, without providing Arminio notice of intent to do so, Janvier's counsel appeared before a judge of the trial court in chambers and requested that the case be nonsuited. Janvier's counsel presented the judge with a draft order of nonsuit, which the judge entered on that day ("second nonsuit"). Code § 8.01-380(B). The order prepared by Janvier's counsel did not indicate that the nonsuit was a subsequent nonsuit.

5

On May 27, 2004, Janvier filed a third motion for judgment making the same allegations against Arminio as those made in her prior two suits. Code § 8.01-229(E)(3). On August 8, 2004, Arminio was served with the third motion for judgment. On August 30, 2004, Arminio, unaware of the two prior nonsuited actions that had preceded the May 27, 2004 motion for judgment, filed a plea in bar contending that Janvier's third motion for judgment was barred by the two-year statute of limitations in Code § 8.01-243(A).

During the pendency of Arminio's plea in bar, the parties engaged in extended discovery proceedings. As germane to this appeal, Arminio ultimately succeeded in deposing Janvier's counsel concerning the proceedings and circumstances that led to the granting of the second nonsuit. In that deposition, Janvier's counsel stated that in making the oral motion for nonsuit he had advised the trial judge that he was requesting a second nonsuit. Janvier's counsel further stated that the judge had asked whether the order of nonsuit required the endorsement of opposing counsel, and Janvier's counsel had replied that he believed endorsement was unnecessary because Arminio had not been served with the motion for judgment.[3]

---

[3] While the record does not reflect the basis for it, the trial court subsequently concluded that the judge who entered the second nonsuit order had no recollection of the

6

The parties then filed memoranda addressing the issue of whether the second nonsuit order had been properly obtained pursuant to Code § 8.01-380 and, therefore, whether Code § 8.01-229(E)(3) provided an extension of the limitations period for filing the third motion for judgment.  Initially, Arminio contended that the second nonsuit order should not be given effect because it was obtained by actual or constructive fraud on the court.  Alternatively, Arminio contended that the second nonsuit order should not be given effect because the named defendants were not given notice of Janvier's intent to seek the order or provided an opportunity to be heard before its entry.  Arminio contended that the lack of notice rendered the trial court without jurisdiction to enter a second nonsuit order because to do so would result from "a mode of procedure . . . the court could 'not lawfully adopt.' "  Singh v. Mooney, 261 Va. 48, 51-52, 541 S.E.2d 549, 551 (2001) (quoting Evans v. Smyth-Wythe Airport Comm'n, 255 Va. 69, 73, 495 S.E.2d 825, 828 (1998)).

Janvier responded that there had been no fraud or deception perpetrated on the trial court in obtaining the second nonsuit

_____

circumstances surrounding the entry of that order.
Additionally, the record contains an assertion by Janvier's
counsel that the reason given to this judge for seeking the
second nonsuit was that Janvier's anticipated expert witness was
no longer willing to testify on Janvier's behalf.

7

order.  She further contended that no provision in Code § 8.01-380 requires notice to an unserved defendant of a motion for a second nonsuit.  Finally, Janvier maintained that the second nonsuit order was a final judgment and was not subject to collateral attack in a subsequent proceeding.

In an opinion letter dated June 22, 2005, the trial court addressed the issues raised by Arminio's plea in bar to the May 27, 2004 motion for judgment.  The trial court first concluded that "there [was] no clear evidence of fraud" in Janvier's obtaining the second nonsuit order.  Thus, despite the order not specifically stating that a second nonsuit was being granted or that the nonsuit was without prejudice, the trial court concluded that it could not "treat the [second nonsuit] as void for having been procured by fraud."

The trial court next addressed Arminio's contention that the court lacked jurisdiction to enter the second nonsuit order in the absence of notice to Arminio.  The trial court acknowledged that Code § 8.01-380 "is silent as to whether all parties must be noticed when a plaintiff requests a nonsuit, regardless of whether it is the first or an additional nonsuit." Citing <u>Waterman v. Halverson</u>, 261 Va. 203, 208, 540 S.E.2d 867, 869 (2001) and <u>McManama v. Plunk</u>, 250 Va. 27, 32, 458 S.E.2d 759, 762 (1995), the trial court further acknowledged that this Court "has held that a plaintiff may take a <u>first</u> nonsuit, as a

8

matter of right, without providing notice to a defendant who has not yet been served with the Motion for Judgment." (Emphasis in original.)

The trial court declined to adopt the view, asserted by Janvier, that the rationale of Waterman and McManama would apply to second nonsuits as well a first nonsuits. The trial court concluded that while a first nonsuit is an absolute right, a second nonsuit, being only discretionary, requires that "all affected parties should be heard" before a court could exercise that discretion. The trial court reasoned that "where a court is to exercise discretion, it must have the benefit of hearing from all persons affected thereby" and concluded that when requesting a second nonsuit "the plaintiff must notice all defendants affected by such nonsuit regardless of whether they have been served with process."

In an order dated June 22, 2005, the trial court adopted the rationale of its opinion letter and sustained Arminio's plea in bar of the statute of limitations, ruling that the second nonsuit order was void and, thus, the third motion for judgment was not timely filed as it was not filed within six months of the entry of the first nonsuit order. The trial court further concluded, however, that because the second nonsuit order was void, the suit initiated by Janvier's second motion for judgment remained an open case.

9

Janvier filed a motion for reconsideration of the trial court's judgment sustaining Arminio's plea in bar. The trial court promptly entered an order suspending execution of that judgment until such time as the motion for reconsideration could be argued and decided. Janvier also filed a motion for entry of nonsuit with respect to the second motion for judgment filed October 7, 2002. Janvier contended that if the second nonsuit order was void and, consequently, the October 7, 2002 motion for judgment was still pending, that action could be properly nonsuited because Arminio currently would have notice of her intent to seek a nonsuit.

In a combined hearing, the trial court heard argument on both motions. With respect to the motion for reconsideration, Janvier contended that if the second nonsuit order was void, then her second motion for judgment remained pending and, thus, the statute of limitations was tolled with respect to her ability to file the third motion for judgment. In the alternative, Janvier contended that the trial court could grant a nonsuit as to the second motion for judgment and that, by relation back, the third motion for judgment would then be timely. In the course of this argument, counsel for Janvier conceded that "it would . . . be too late to proceed [to] service" in the action on the second motion for judgment under Rule 3:5(e). Janvier did not contend that she had exercised due

10

diligence to obtain service on Arminio within one year after filing the second motion for judgment.

In an order dated July 29, 2005, the trial court denied the motion for reconsideration and lifted the order suspending the prior judgment. In a subsequent order dated August 4, 2005, the trial court denied Janvier's motion for nonsuit and dismissed the second motion for judgment on the ground that Arminio had not been served with process within one year of the filing of that suit, citing Rule 3:5(e).

Janvier filed notices of appeal with respect to both her second and third motions for judgment and filed a joint petition for appeal in this Court. Rule 5:17(d). We awarded Janvier an appeal with respect to both suits.

DISCUSSION

As a preliminary matter, we address an issue raised by Arminio in a motion to dismiss this appeal. Arminio contends that Janvier may not combine appeals of the trial court's judgments in the cases involving her second and third motions for judgment under Rule 5:17(d) because the cases were not "tried together in the [trial] court." We disagree.

The purpose of Rule 5:17(d) is to promote judicial economy and ensure consistency in the rulings of this Court. Under this rule, where "two or more cases were tried together in the court . . . one petition for appeal may be used to bring all such

11

cases before this Court <u>even though the cases were not</u>

<u>consolidated by formal order</u>."  (Emphasis added.)

As the records of the two cases sent to this Court by the

trial court amply demonstrate, in the proceedings subsequent to

the trial court's June 22, 2005 order finding that the second

nonsuit order was void and that the suit initiated by the

October 7, 2002 motion for judgment remained an open case, the

trial court received motions relevant to both cases initiated by

the second and third motions for judgment and heard argument

from the parties relevant to both cases in the same hearing.[4]

The transcript and the trial court's subsequent opinion letter

reference the separate docket numbers of both cases.

Accordingly, even though the trial court did not consolidate the

two cases and entered separate orders in each case, there can be

[4] On brief, Arminio's counsel contends that they did not present argument with respect to the motion for entry of a nonsuit to the October 7, 2002 motion for judgment "[b]ecause Janvier never served Dr. Arminio . . . with the second action." While it may be true that Arminio's counsel chose not to offer any argument with respect to the motion for nonsuit, the contention that they did not, or could not, do so because Arminio had not been served with the second motion for judgment is directly contrary to their contention that <u>unserved</u> defendants are entitled to notice of a motion for a discretionary nonsuit.  Clearly, Arminio had notice of Janvier's intention to seek the nonsuit at that stage of the proceedings.
Apparently, Arminio was concerned with not making a general appearance as opposed to a special appearance in order to challenge the second nonsuit.  We note that such a concern has been resolved by the current provisions of Code § 8.01-277,

12

no doubt that the "cases were tried together in the court" and, thus, could be appealed together in a single petition.

We turn now to consider Janvier's assignments of error. Because we are presented solely with questions of law, we will apply a de novo standard of review.  Wilby v. Gostel, 265 Va. 437, 440, 578 S.E.2d 796, 798 (2003); Transcontinental Insurance Co. v. RBMW, Inc., 262 Va. 502, 514, 551 S.E.2d 313, 319 (2001).

As we have already indicated, the procedural facts in this case provide the basis and explanation for the legal assertions of the parties premised upon the statutes and rules of this Court implicated by those facts.  A review of those facts in conjunction with those statutes and rules illustrates that the ultimate focus here is necessarily upon the validity of the second nonsuit order at issue.

Janvier was last treated by Arminio on November 14, 1999 and, within the two-year limitations period provided by Code § 8.01-243(A), she timely filed her first motion for judgment asserting a malpractice claim against Arminio on May 21, 2001. She took a first nonsuit of that action on June 3, 2002 as a matter of right pursuant to Code § 8.01-380(B).  Although Arminio had not been served with process and had no notice of Janvier's motion for a nonsuit, Janvier had an absolute right to

which now specifically permit a special appearance in these

this nonsuit because none of the other restrictions on that right as provided in Code § 8.01-380(A) or (D) were applicable.

Upon suffering the first nonsuit, Code § 8.01-229(E)(3) permitted Janvier to recommence her malpractice action within six months from June 3, 2002, the date of the entry of that nonsuit order.  This she did on October 7, 2002.  Janvier did not serve Arminio with process.  Rather, on December 4, 2003, more than twelve months after commencing the suit, she obtained a second nonsuit of the action without notice to Arminio. Janvier then, within six months of the entry of the second nonsuit order, filed her third motion for judgment against Arminio for the same malpractice claim on May 7, 2004.  Arminio was then served with process in a timely manner.

Despite a two-year limitations period for the filing of a medical malpractice action, Arminio was not aware and was not served with process regarding Janvier's present claim from late 1999 until mid-2004.  Clearly, the malpractice claim filed on October 7, 2002 was potentially subject to dismissal pursuant to Code § 8.01-275.1 and Rule 3:5(e) because Arminio was not served with process within twelve months of the filing of that suit. Moreover, unless the second nonsuit was properly granted, Janvier's third malpractice action was clearly barred by the

circumstances.

14

limitations period in Code § 8.01-243(A) because it would not have had the benefit of a further extension of time for filing under Code § 8.01-229(E)(3). To unravel this sequence of procedural knots, the focus is then necessarily upon the trial court's judgment vacating the second nonsuit order as void ab initio. This is so because Rule 1:1 limits the trial court's authority to vacate a valid order to a period of 21 days, and no longer. Here, the trial court on July 29, 2005 vacated a prior order entered on December 4, 2003. Thus, if the latter order was not void ab initio this protracted case becomes readily resolved.

Although Janvier has raised five assignments of error challenging both the sustaining of the plea in bar to her third motion for judgment and the dismissal of her second motion for judgment, the dispositive issue is whether the trial court correctly determined that in the absence of notice being given to a party who had not yet been served with the underlying action and whose rights potentially would be affected thereby, an order granting a second nonsuit pursuant to Code § 8.01-380 is void ab initio. This issue is ultimately resolved by whether, as the trial court found, in the absence of such notice to that party and an opportunity to be heard, a trial court would lack jurisdiction to enter a second nonsuit "because the character of the judgment was not such as the court had the

15

power to render because the mode of procedure employed by the court was such as it might not lawfully adopt." Anthony v. Kasey, 83 Va. 338, 340, 5 S.E. 176, 177 (1887); see also Evans, 255 Va. at 73-74, 495 S.E.2d at 828; Watkins v. Watkins, 220 Va. 1051, 1054, 265 S.E.2d 750, 753 (1980). "The lack of jurisdiction to enter an order under [such] circumstances renders the order a complete nullity and it may be 'impeached directly or collaterally by all persons, anywhere, at any time, or in any manner.' " Singh, 261 Va. at 52, 541 S.E.2d at 551 (quoting Barnes v. American Fertilizer Co., 144 Va. 692, 705, 130 S.E. 902, 906 (1925)).

The trial court acknowledged, and it is self-evident, that Code § 8.01-380 does not expressly require notice to be given to a party who has not yet been served with process of the plaintiff's intent to seek a nonsuit. And, we have held that with respect to a first nonsuit a trial court may not place limitations on the absolute right of the plaintiff to seek the nonsuit beyond those found in the statute. McManama, 250 Va. at 32, 458 S.E.2d at 762. Thus, in McManama we held that the trial court erred when it ruled that the plaintiff could not seek a nonsuit unless the defendant had " 'been served with process, [was] before a court with jurisdiction over the defendant's person, and [had] been given notice of hearing and an opportunity to be heard.' " Id.; see also Waterman, 261 Va. at

16

208, 540 S.E.2d at 869 ("McManama stands for the proposition that a plaintiff can secure a valid voluntary nonsuit pursuant to Code § 8.01-380 even though there has been no service of process on the defendants"); Clark v. Butler Aviation-Washington National, Inc., 238 Va. 506, 511-12, 385 S.E.2d 847, 849-50 (1989).

Janvier contends, as she did in the trial court, that the rationale of McManama and Waterman with respect to a first nonsuit should apply to a second nonsuit. Arminio responds that because a second nonsuit is not a matter of right under Code § 8.01-380, the trial court properly rejected the rationale of those two cases. Arminio contends that, by providing in Code § 8.01-380(B) for the ability of a plaintiff to obtain a second nonsuit at the discretion of the trial court or by stipulation of the parties, the General Assembly evinced an intent that second nonsuits be treated differently from first nonsuits with regard to a notice requirement. We disagree. Contrary to Arminio's contention, nothing in the language of Code § 8.01-380(B) suggests that the General Assembly intended to place any additional restriction on the granting of a second nonsuit other than to leave the matter to the trial court's discretion or the concurrence of the parties. Thus, the circumstance presented by this case is not distinguishable from the trial court's erroneous judgment in McManama to impose on a plaintiff seeking

17

a second nonsuit procedural "requirements [not] found in the applicable statutes . . . by judicial fiat." 250 Va. at 32, 458 S.E.2d at 762.

The duty of the courts is "to construe the law as it is written." Hampton Roads Sanitation Dist. Comm'n v. City of Chesapeake, 218 Va. 696, 702, 240 S.E.2d 819, 823 (1978). We have consistently held that "[c]ourts cannot add language to the statute the General Assembly has not seen fit to include. Nor are they permitted to accomplish the same result by judicial interpretation. Where the General Assembly has expressed its intent in clear and unequivocal terms, it is not the province of the judiciary to add words to the statute or alter its plain meaning." Jackson v. Fidelity & Deposit Co., 269 Va. 303, 313, 608 S.E.2d 901, 906 (2005) (internal quotation marks and citations omitted). Accordingly, we cannot, and will not, add words to Code § 8.01-380 in order to impose requirements on a plaintiff seeking a second nonsuit that are not found in the plain language of the statute as enacted by the General Assembly.

Arminio contends, however, that when a plaintiff seeks a second nonsuit and the defendant is not given notice and an opportunity to be heard on any defenses in opposition to the granting of the second nonsuit, the defendant is denied his right to due process. Clearly, the granting of a nonsuit does

18

not operate to deprive a defendant of any valid or vested defense of the statute of limitations or the time limits of Rule 3:5(e). McManama, 250 Va. at 34, 458 S.E.2d at 763; Clark, 238 Va. at 512 n.5, 385 S.E.2d at 850 n.5; see also Berry v. F & S Financial Marketing, Inc., 271 Va. 329, 334, 626 S.E.2d 821, 824 (2006). The thrust of Arminio's contention then is that in the absence of notice, Arminio was denied the opportunity to ensure that in exercising discretion, pursuant to Code § 8.01-380(B), to grant or deny the second nonsuit the trial judge was made aware that at that stage of the proceedings more than four years had elapsed since the alleged malpractice occurred and, moreover, that the second malpractice action had been pending for more than one year without an attempt to serve Arminio with process and, thus, was subject to dismissal pursuant to Rule 3:5(e).

We do not disagree with Arminio's contention insofar as it ultimately rests on the recognized notion that justice is best served when a trial judge called upon to exercise discretion has the benefit of hearing the positions of all parties potentially affected as a result of the exercise of that discretion. Indeed, as the trial judge here so aptly noted, "[a] contrary notion is antithetical to any sense of fair play and substantial justice."

Arminio's contention, however, does not mandate a conclusion that the second nonsuit order was void ab initio on the facts of this case and the provisions of Code § 8.01-380(B). As we have previously demonstrated, Janvier had timely filed her second motion for judgment in the trial court as permitted by Code § 8.01-229(E)(3) following her first nonsuit as a matter of right. At the time Janvier sought her second, discretionary nonsuit, Arminio could not have asserted a valid defense of the running of the limitations period provided by Code § 8.01-229(E)(3), and Arminio did not have an absolute defense of the time limits of Rule 3:5(e). In the absence of a requirement of notice to Arminio under Code § 8.01-380(B), the trial judge could properly exercise discretion to grant the second nonsuit. It necessarily follows then that the second nonsuit order was not void ab initio, and pursuant to Rule 1:1 that order was not subject to be vacated more than 21 days after its entry.

Accordingly, we hold that upon a proper finding that the second nonsuit order did not result from fraud, the trial court erred when it found that the failure to provide notice to Arminio deprived the court of jurisdiction to enter the second nonsuit order and in declaring that order to be void ab initio. Because that order was not void ab initio, the trial court had no authority to vacate it because it became final 21 days after its entry. We further hold that because that order was not void

ab initio, the trial court erred in finding that Janvier's third motion for judgment was time barred, because it was filed within six months of the entry of the second nonsuit order, as permitted by Code § 8.01-229(E)(3).

## CONCLUSION

For these reasons, we will reverse the judgment of the trial court in case No. L208197 dismissing the second motion for judgment with prejudice and reinstate the second nonsuit order. Because the second nonsuit order renders further action with respect to Janvier's second motion for judgment moot, we will enter final judgment as to that suit here. We also will reverse the judgment of the trial court in case No. L223259 sustaining Arminio's plea in bar of the statute of limitations to Janvier's third motion for judgment and remand that case for further proceedings consistent with this opinion.

Reversed in part and final judgment; and Reversed in part and remanded.

21