PRESENT:  All the Justices

MICHAEL HICKS, A MINOR, WHO SUES
BY HIS MOTHER AND NEXT FRIEND,
DARLENE A. HICKS

v.    Record No. 070344                    OPINION BY
                                   JUSTICE BARBARA MILANO KEENAN
                                        February 29, 2008
PETER MELLIS, M.D.


          FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                    Melvin R. Hughes, Jr., Judge


     In this appeal, we consider the effect of an order

reinstating a medical malpractice action under Code § 8.01-

335(B) that was entered without notice to the defendant.  The

issue arose when the plaintiff obtained a nonsuit of the

reinstated action and filed a new motion for judgment, which

was the first pleading in either of these actions that was

served on the defendant.  The judgment order on appeal before

us is the circuit court's final order dismissing the new

motion for judgment on the ground that the action was barred

by the statute of limitations because the reinstatement order

in the prior action "was improvidently allowed."

     The nature of this case requires a description of the

dates of the parties' relevant filings.  In April 1993,

Darlene A. Hicks (Hicks) filed a motion for judgment in the

Circuit Court of the City of Richmond on behalf of her three-

year-old son Michael D. Hicks (Michael), who was born on

                            1

October 21, 1989.  In her motion, Hicks asserted claims of medical malpractice against the Medical College of Virginia Hospitals, the Commonwealth of Virginia, and "unnamed health care providers" for treatment her son had received on December 11, 1990.  In July 1995, Hicks sought a nonsuit of the case, which the circuit court granted.

In October 1999, Hicks filed in the circuit court a second motion for judgment, alleging the same claims of medical malpractice and naming as defendants the Medical College of Virginia Hospitals, the Commonwealth of Virginia, Peter Mellis, M.D. (Dr. Mellis), Gayle S. Smith, M.D., and other hospital employees.  None of these defendants was served with the second motion for judgment or other process in the case.  After more than three years with no further filings or proceedings in the case, in January 2003, the circuit court entered an order under Code § 8.01-335(B) discontinuing and striking the case from the docket.

In November 2003, Hicks filed a timely motion to reinstate the case pursuant to Code § 8.01-335(B).  The circuit court, after observing that none of the defendants had been served with process, entered an order of reinstatement returning the case to the court's docket.  In January 2004, Hicks filed a motion for nonsuit, which the circuit court granted by order dated May 25, 2004.

On the same day, Hicks filed a third motion for judgment naming Dr. Mellis as the sole defendant. In this pleading, Hicks alleged that Dr. Mellis had provided Michael with negligent medical treatment in December 1990, and had caused Michael to suffer severe injuries. Hicks served Dr. Mellis with a copy of this third motion for judgment on May 23, 2005, which was the first notice Dr. Mellis had received regarding Hicks' claim.

Dr. Mellis filed grounds of defense and a special plea of the statute of limitations. On November 21, 2006, the circuit court sustained Dr. Mellis' special plea of the statute of limitations and dismissed the case with prejudice.

In its letter opinion, the circuit court concluded that "reinstatement [of the case] was improvidently allowed" because Code § 8.01-335(B) required that the parties in interest be notified prior to reinstating a case that had been stricken from the docket, and Dr. Mellis had not received such notice. Thus, the circuit court concluded that the case remained stricken from the docket, that the second nonsuit was of "no effect," and that the third motion for judgment was barred by the statute of limitations under Code § 8.01-243.1. Hicks appeals.

Hicks argues that the circuit court erred in sustaining Dr. Mellis' plea of the statute of limitations, because the

3

notice provision of Code § 8.01-335(B) is not a mandatory requirement for entry of a reinstatement order. Hicks asserts that although the circuit court may have erred in its application of the statute by entering the order in the absence of notice to Dr. Mellis, the order was merely voidable, rather than void ab initio, and could not be challenged more than 21 days after the nonsuit was granted in the reinstated case. Thus, Hicks contends that because the final order of nonsuit entered on May 25, 2004 was not appealed or timely challenged within 21 days of its entry, as required by Rule 1:1, the reinstatement order remained in effect and the present motion for judgment was timely filed.

In response, Dr. Mellis observes that the order discontinuing the malpractice action was a final order striking the case from the court's docket and that, in the absence of a valid reinstatement order, the case remained stricken. Dr. Mellis cites our decision in Janvier v. Arminio, 272 Va. 353, 634 S.E.2d 754 (2006), and argues that the circuit court lacked jurisdiction to enter the nonsuit order "by virtue of a procedurally defective reinstatement." As a consequence, Dr. Mellis maintains, the circuit court correctly held that the statute of limitations applicable to Hicks' injuries had expired, barring the present malpractice

4

action.  We disagree with the conclusion advanced by Dr. Mellis.

Although the procedural history of this case is somewhat complex, the appeal involves a pure question of law, which requires us to employ an analysis involving both statutory interpretation and our prior decisions.  We begin by considering the language of Code § 8.01-335(B) under an established principle of statutory construction.

Courts are bound by the plain meaning of statutory language.  Young v. Commonwealth, 273 Va. 528, 533, 643 S.E.2d 491, 493 (2007); Alliance to Save the Mattaponi v. Commonwealth, 270 Va. 423, 439, 621 S.E.2d 78, 86-87 (2005); Horner v. Department of Mental Health, 268 Va. 187, 192, 597 S.E.2d 202, 204 (2004).  Therefore, if the language of a statute is unambiguous, courts may not interpret the language in a way that effectively holds that the General Assembly did not mean what it actually expressed.  Young, 273 Va. at 533, 643 S.E.2d at 493; Alcoy v. Valley Nursing Homes, Inc., 272 Va. 37, 41, 630 S.E.2d 301, 303 (2006); Alliance to Save the Mattaponi, 270 Va. at 439, 621 S.E.2d at 87.

The language of Code § 8.01-335(B) is plain.  This provision states that:

> Any court in which is pending a case wherein for more than three years there has been no order or proceeding, except to continue it, may, in its discretion, order it

5

to be struck from its docket and the action shall be thereby discontinued. The court may dismiss cases under this subsection without any notice to the parties. The clerk shall provide the parties with a copy of the final order discontinuing or dismissing the case. Any case discontinued or dismissed under the provisions of this subsection may be reinstated, on motion, after notice to the parties in interest, if known, or their counsel of record within one year from the date of such order but not after.

Code § 8.01-335(B).

Under this statutory language, a circuit court may enter an order reinstating a discontinued case only after notice is given to known parties in interest. The parties do not dispute that Dr. Mellis was a known party in interest to the discontinued action. Therefore, the circuit court entered the reinstatement order contrary to the notice provision set forth in Code § 8.01-335(B).

Because the reinstatement order was entered improperly, we now must consider the effect of that order on the present litigation. We focus on the question whether the absence of notice to Dr. Mellis rendered the court's reinstatement order void ab initio and subject to collateral attack in the present malpractice action.

We begin by reviewing the familiar distinction between orders that are void ab initio and those that are merely voidable. An order is void ab initio if the court did not have the jurisdiction to render the order, or if the court

6

employed an unlawful mode of procedure in entering the order. Collins v. Shepherd, 274 Va. 390, 402, 649 S.E.2d 672, 678 (2007); Singh v. Mooney, 261 Va. 48, 51-52, 541 S.E.2d 549, 551 (2001); Evans v. Smyth-Wythe Airport Comm'n, 255 Va. 69, 73, 495 S.E.2d 825, 828 (1998); Lapidus v. Lapidus, 226 Va. 575, 579, 311 S.E.2d 786, 788 (1984). Because an order that is void ab initio is a complete nullity, the order may be challenged directly or collaterally "by all persons, anywhere, at any time, or in any manner." Collins, 274 Va. at 402, 649 S.E.2d at 678 (quoting Singh, 261 Va. at 52, 541 S.E.2d at 551); accord Nelson v. Warden, 262 Va. 276, 281, 552 S.E.2d 73, 75 (2001); Parrish v. Jessee, 250 Va. 514, 521, 464 S.E.2d 141, 145 (1995).

In contrast, an order is voidable if its issuance was reversible error but was within the court's jurisdiction to enter. Singh, 261 Va. at 51-52, 541 S.E.2d at 551; see Parrish, 250 Va. at 521, 464 S.E.2d at 145. A court has jurisdiction to err, as well as to correctly decide the issues presented in a case, and the remedy to correct an error by a trial court is to appeal the court's decision upon entry of a final order, not to collaterally attack the erroneous decision in a separate action. See Singh, 261 Va. at 52-53, 541 S.E.2d at 551-52; Parrish, 250 Va. at 521-22, 464 S.E.2d at 145-46;

7

<u>Farant Inv. Corp. v. Francis</u>, 138 Va. 417, 436, 122 S.E. 141, 147 (1924).

A challenge to an order based on a trial court's misapplication of a statute generally raises a question of court error, not a question of the court's jurisdiction. <u>Parrish</u>, 250 Va. at 521, 464 S.E.2d at 145. Our review of Code § 8.01-335(B) in the present case demonstrates that the circuit court had jurisdiction to enter the reinstatement order but misapplied the statute.

We first observe that the statute permits a circuit court to enter a reinstatement order without prior notice to anyone when the circuit court has determined that there are no known interested parties or counsel of record. <u>See</u> Code § 8.01-335(B). Thus, prior notice is not a jurisdictional requirement for entry of a reinstatement order under the statute.

Instead, Code § 8.01-335(B) provides that a circuit court may reinstate a discontinued action after notice to "the parties in interest, if known, or their counsel of record." <u>Id.</u> Significantly, the statute does not direct that notice be given only to named defendants or their counsel of record, but leaves for the circuit court's determination the issue whether there are known parties who have an interest in the litigation.

This determination required by the statute will rest on the facts and circumstances of a particular case. The potentially broad scope of the inquiry may require that the circuit court decide both issues of fact and of law in reaching a conclusion. Such determinations are core functions of our courts in the exercise of their jurisdiction.

The fact that Dr. Mellis easily could be identified as a person of interest in this case did not change the nature of the legal determination that the circuit court was required to make under the statute. Thus, the circuit court's failure to apply the statute properly did not affect the court's jurisdiction to enter the reinstatement order.

Likewise, the circuit court's reinstatement order was not void ab initio on the ground that the court employed an unlawful mode of procedure. See Collins, 274 Va. at 402-03, 649 S.E.2d at 678; Evans, 255 Va. at 73, 495 S.E.2d at 828. Code § 8.01-335(B) required that the circuit court decide whether there were known interested parties entitled to notice before reinstating the case and, thus, the circuit court lawfully could have made this determination and still have reached the wrong result. Because the misapplication of the statute in the present case occurred in the circuit court's lawful exercise of its jurisdiction, the reinstatement order was merely voidable, rather than void ab initio and, thus, was

9

not subject to collateral attack in the present action. See

Singh, 261 Va. at 51-52, 541 S.E.2d at 551; Parrish, 250 Va.

at 521, 464 S.E.2d at 145.

Our conclusion is not affected by our holding in Janvier

v. Arminio, 272 Va. 353, 634 S.E.2d 754. There, we held that

an order granting a second nonsuit, in the absence of notice

to the defendant, was not void ab initio because entry of the

order was within the court's discretion under former Code

§ 8.01-380(B).[1]  272 Va. at 367, 634 S.E.2d at 761-62. Unlike

the proceedings in Janvier, the present case involves a legal

determination that the circuit court was required to make in

deciding what parties were entitled to notice before entry of

an order of reinstatement. Thus, the holding in Janvier is

inapposite, because that holding was based on a circuit

court's lawful exercise of its discretion in the absence of a

statutory notice requirement. Nevertheless, as our holding in

Janvier illustrates, a collateral challenge to an order must

be resolved based on a determination whether the issuing court

---

[1] Code § 8.01-380(B) was amended in 2007 to require that a
defendant be given notice of a plaintiff's request for a
second or subsequent nonsuit. That subsection presently
provides in relevant part: "Only one nonsuit may be taken to a
cause of action or against the same party to the proceeding,
as a matter of right, although the court may allow additional
nonsuits upon reasonable notice to counsel of record for all
defendants and upon a reasonable attempt to notify any party
not represented by counsel, or counsel may stipulate to
additional nonsuits." Code § 8.01-380(B).

had jurisdiction to enter the order in question, not whether the court erred or abused its discretion in entering the order. See id. at 367, 634 S.E.2d at 761; see also Parrish, 250 Va. at 521, 464 S.E.2d at 146.

Finally, we are aware that because Dr. Mellis was not served in the nonsuited action, and had no other notice of those proceedings, he did not know that the May 25, 2004 order of nonsuit had been entered and could have been appealed. This problem, however, cannot be considered in this collateral action but may raise a question for the General Assembly's consideration in future revisions to Code § 8.01-335(B). Accordingly, we hold that the circuit court erred in sustaining Dr. Mellis' plea of the statute of limitations and in dismissing Hicks' motion for judgment on that basis.[2]

For these reasons, we will reverse the circuit court's judgment and remand the case for further proceedings consistent with the principles expressed in this opinion.

<u>Reversed and remanded</u>.

---

[2] We do not consider Dr. Mellis' procedural due process argument because he has not raised this issue on cross-error before this Court. See Rule 5:18(b).