# CIRCUIT COURT OF ROANOKE COUNTY

Linda Faye Blackwell Bell

v.

Dennis Allen Bell

September 29, 2010

Case No. CL08-1083

By Judge Robert P. Doherty, Jr.

This divorce was filed over fifteen years ago in June of 1995. Two years later, it was referred to a commissioner in chancery, and, two years after that, the commissioner was made judge *pro tem*. In January 2005, the case was removed from the docket pursuant to § 8.01-335(B), Code of Virginia (1950), as amended, because there had been no order or proceeding except to continue it for more than three years.

Shortly thereafter, and upon notice to Defendant, the judge *pro tem* entered Plaintiff's *ex parte* order that reinstated this case on the docket to resolve questions of equitable distribution, permanent spousal support, and attorney's fees. In April of 2005, in order to resolve the question of whether the judge *pro tem* had the authority to reopen the case, this Court, without additional notice to the parties, reopened the case and reaffirmed the appointment of, and/or reappointed, the judge *pro tem*. Nothing was done in the case for the next three years, and, in July of 2008, the Court once again discontinued the case from the active docket in accordance with § 8.01-335(B).

In September 2008, the Court again reinstated the matter on the docket and reappointed the judge *pro tem* with an *ex parte* order, at Plaintiff's request, for the purpose of holding a hearing to determine the question of contempt for failure to pay spousal support, for an increase in spousal support and for equitable distribution of marital property. In October 2009, Defendant filed a motion to dismiss the case and nullify all orders entered

from the time the case was originally reinstated on the docket of the Court in April 2005, claiming the Court lacked jurisdiction because appropriate notice had not been given to Defendant. After receiving Defendant's written argument and authorities, Plaintiff chose not to respond. Oral argument was held in September 2010.

A review of the file reveals that no divorce was ever granted. *Pendente lite* orders were entered in October 1995 enjoining the parties from disposing of marital assets, prohibiting offensive contact and requiring insurance and spousal support payments to be made. The temporary award of spousal support was reduced in December 1995. In August 1999, the trial court entered an order enjoining the Defendant from building additions to the marital home and enhancing its value. In December 1999, the Court overruled a plea of accord and satisfaction in this divorce. Nothing else appears to have been done in this case.

### Void or Voidable Orders

Defendant argues that § 8.01-335(B) requires notice to the parties in interest or their counsel within one year after it is removed from the docket before a case discontinued under the three-year rule can be reinstated. He contends that he did not receive such notice. Under his theory, the Court's order reinstating the case on the docket was null and void and the case remains discontinued. He also argues that similar notice and agreement is required to appoint a judge *pro tem* pursuant to § 17.1-110, Code of Virginia (1950), as amended, and no such notice or agreement was given when the judge *pro tem* was reappointed or reaffirmed each time the case was reinstated. Following that line of logic, Defendant's position is that the appointment of the judge *pro tem* was also a nullity.

The Court takes a different position regarding the law applicable to this case. "An order is void *ab initio* if the court did not have the jurisdiction to render the order, or if the court employed an unlawful mode of procedure in entering the order." Such an order would be a complete nullity. "In contrast, an order is voidable if its issuance was reversible error but within the court's jurisdiction to enter." *Hicks v. Mellis*, 275 Va. 213, 219 (2008). In the *Hicks* case the trial court entered a reinstatement order contrary to the notice provisions set forth in § 8.01-335(B). The Supreme Court found that the trial court had jurisdiction to enter the order correctly, and it also had jurisdiction to commit error and enter the order incorrectly. In the instant case this Court certainly had jurisdiction to enter the order. Doing it without following the notice requirements of statute was error.

Although entered in error, the order of reinstatement was merely voidable and not void *ab initio*. It was not a nullity.

## Correcting Voidable Orders

There are two ways to correct voidable orders. After the entry of a final order, the matter can be appealed to an appellate court. In this case that would be to the Court of Appeals of Virginia. There is not much doubt that they would find error. In the alternative, since the case has not ended with the entry of a final order, the error occurred on an interlocutory order and such orders can always be corrected by the trial judge. "An interlocutory judgment or decree made in the progress of a cause is always under the control of the court until the final decision of the suit, and it may be modified or rescinded, upon sufficient grounds shown, at any time before final judgment. . . ." *Freezer v. Miller*, 163 Va. 180, 197 (1934). See also *Robbins v. Robbins*, 48 Va. App. 466, 474 (2006), where the Court of Appeals said that "judges can change their minds" while the matter is still pending. And that is what this Court now does.

The order of April 12, 2005, that initially reinstated this case on the docket and reappointed the judge *pro tem* was an interlocutory order. It was improvidently entered without notice to the parties and is hereby vacated. That means all of the remaining orders thereafter entered in this case are void *ab initio* because the Court did not have jurisdiction to enter orders in a discontinued case. In the alternative, if the Court did have jurisdiction to enter the remaining orders in this case after April 12, 2005, and since they are interlocutory, they are also vacated.

This matter having been properly discontinued pursuant to § 8.01-335(B) on January 18, 2005, because of three years inactivity, and no order currently existing that reinstates this matter on the docket within one year of the date it was discontinued, it cannot hereafter be reinstated. It is ended. Should the parties actually want to be divorced they are free to file a new divorce action.

Counsel for Defendant should prepare an appropriate order, incorporating this letter opinion by reference, vacating the April 12, 2005, reinstatement order, and nullifying and/or vacating the orders entered thereafter in this case, except of course the order drawn as directed herein.