# CIRCUIT COURT OF THE CITY OF RICHMOND

Marianne Wiles

v.

Instrumentation and
Control Systems
Engineering, Inc.,
d/b/a ICSE, Inc.,
and Christian K. Newton

February 15, 2012

Case No. CL10-2577

By Judge Melvin R. Hughes, Jr.

In this case the defendants have moved that the plaintiff be required to pay witness fees after the plaintiff took a nonsuit on the third day of trial. The defendants rely on Virginia Code § 8.01-380(C), which provides that:

> [i]f notice to take a nonsuit of right is given to the opposing party within seven days of trial, the court in its discretion may assess against the nonsuiting party reasonable witness fees and travel costs of expert witnesses scheduled to appear at trial, which are actually incurred by the opposing party solely by reason of the failure to give notice at least seven days prior to trial. The court shall have the authority to determine the reasonableness of expert witness fees and travel costs.

The plaintiff resists the motion on the ground that (1) the statute does not apply, and (2) the events at trial concerning, *inter alia*, the allowance of witnesses out of town and court rulings bear on, as the statute commands, the exercise of discretion to deny the defendants relief. Considering the parties arguments on February 13, 2012, and the memoranda provided, the court finds it unnecessary to decide the issue of discretion under the second ground because, under the first ground, the Statute, under its plain meaning, does not apply.

The issue, as framed from the language of the Statute, concerns whether expenses are due when the nonsuit is taken *at* trial, as opposed to when

there is no notice given "within seven days of trial" and "at least seven days prior to trial." While the harm the Statute seems aimed at preventing is a defendant incurring expenses only to have the plaintiff take a nonsuit, the Statute only reads that such effect is preventable upon the absence of notice seven days out from the trial, not in the event of a nonsuit taken *at* trial. The statute provides for no such relief once the trial proceedings have started. Indeed, once trial commences, notice of an intended nonsuit would be unnecessary because the parties are all present, already assembled for trial. Courts are bound by the plain meaning of the statutory language. *See Hicks v. Mellis*, 275 Va. 213, 218, 657 S.E.2d 142, 144 (2008). So, under its plain meaning, this Statute evinces no intent to have a plaintiff answer for a defendant's witness expenses if the right of a first nonsuit, as here, is exercised during trial.