COURT OF APPEALS OF VIRGINIA

Present:   Judges Beales, Malveaux and Causey
Argued at Salem, Virginia

**PUBLISHED**

BRIAN CRAIG HENTHORNE, SOMETIMES KNOWN AS
 BRIAN HENTHORN

                                                                OPINION BY
v.       Record No. 0163-22-3              JUDGE MARY BENNETT MALVEAUX
                                                              NOVEMBER 22, 2022
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF WAYNESBORO
Christopher B. Russell, Judge

Samantha Offutt Thames, Senior Assistant Public Defender (Virginia
Indigent Defense Commission, on briefs), for appellant.

Liam A. Curry, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Following a revocation hearing, the trial court found that Brian Craig Henthorne

("appellant") had violated the terms of his probation, revoked his 180-day suspended sentence, and

ordered him to serve eighty days in jail.  On appeal, he contends that the trial court erred in

sentencing him to an active sentence of eighty days' incarceration because the trial court's action

was in contradiction to Code § 19.2-306.1.  For the following reasons, we reverse and remand for

resentencing.

## I.  BACKGROUND

On September 8, 2021, appellant pleaded guilty to the misdemeanor offense of giving a

false identity to a law enforcement officer, in violation of Code § 19.2-82.1.  The trial court

sentenced him to serve 180 days in jail, all suspended, and placed him on probation for a period

of twelve months.

On November 3, 2021, Andrew Lightner, appellant's probation officer, wrote a letter to the trial court requesting that it issue a show cause order for appellant. Lightner stated that on September 9, 2021, while appellant was incarcerated for another offense, he had sent a letter to appellant instructing him to contact probation services upon his release. Lightner reported that appellant had been released from incarceration on September 23, 2021 and subsequently had failed to contact probation services to begin his probation. Lightner stated that he had called appellant at the phone number appellant provided to the court and also had sent appointment letters to two addresses provided by appellant. Appellant had not responded to these efforts.

On November 5, 2021, the trial court issued a show cause order against appellant for failing to comply with probation. Appellant was arrested on a capias on December 15, 2021.

At the revocation hearing, held January 19, 2022, appellant testified that when he had been released from jail, he had received a phone call informing him that his missing son's body had possibly been found. In October 2021, he received confirmation that it was his son's body that had been discovered. Appellant acknowledged that he knew he was supposed to report to probation services to start his probation the day after he had been released from jail. He stated that failing to report "was obviously a mistake." He testified that he had not reported to probation services because he had missed his father's funeral and had been "terrified that something was going to happen where [he] was going to be missing [his] son's funeral as well."

During argument, the parties discussed the application of Code § 19.2-306.1 to the instant case. The Commonwealth's Attorney asserted that if the trial court found appellant in violation of his probation, he thought "it was the first violation . . . and the . . . maximum you can give him is . . . 14 days." The trial court asked if there were "[g]uidelines on that," and the Commonwealth's Attorney replied that he did not know of sentencing guidelines for a misdemeanor offense and that he was "not sure if the . . . restrictions on the 14 days apply to a

- 2 -

misdemeanor or not." The court replied that it did not think that the fourteen-day restriction applied to a misdemeanor.

Appellant argued that Code § 19.2-306.1 did "not confine itself to felonies," and thus the restrictions on sentencing for technical violations found in that statute applied to misdemeanors as well. In response, the Commonwealth asserted that this was not a technical violation, because technical violations include the requirement pursuant to Code § 19.2-306.1(A)(iii) to report within three days of release from incarceration, and in this case appellant "never reported . . . [s]o it's no longer a technical violation." The Commonwealth argued that if appellant "did report, and then stopped keeping contact, that would be technical. But when you never report, that's not a technical violation, if you look at the strict language of [the statute]."

In its ruling, the trial court stated that it did not think that this was "one of those new things where 14 days is the maximum." The court found that appellant violated the terms of his probation, revoked 180 days of his suspended sentence, and resuspended 100 days, leaving an active sentence of eighty days.

## II. ANALYSIS

Appellant argues that the trial court erred in sentencing him to an active sentence of eighty days of incarceration because the trial court's sentence violated the provisions of Code § 19.2-306.1.

In reviewing appellant's argument, we first turn to Code § 19.2-306, which provides the statutory authority for a trial court to revoke a suspended sentence. That code section provides that after suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). However, Code § 19.2-306 was amended effective July 1, 2021. *See* 2021 Va. Acts Spec. Sess. I, ch. 538. "That statute

- 3 -

now limits the period of active incarceration that a circuit court can impose after revoking a probationer's suspended sentence." *Green v. Commonwealth*, 75 Va. App. 69, 74-75 (2022). Subsection (C) of Code § 19.2-306 now provides that a trial court may "impose a sentence in accordance with the provisions of § 19.2-306.1." In turn, Code § 19.2-306.1 contains specific limitations on sentencing that apply when a trial court bases its revocation of a suspended sentence on certain "technical violations" enumerated in the statute. Relevant to this case, pursuant to Code § 19.2-306.1(C), a trial court

> shall not impose a sentence of a term of active incarceration upon a
> first technical violation of the terms and conditions of a suspended
> sentence or probation, and there shall be a presumption against
> imposing a sentence of a term of active incarceration for any
> second technical violation of the terms and conditions of a
> suspended sentence or probation.

However, if the court finds that a defendant "has violated another condition other than . . . a technical violation . . . , then the court may revoke the suspension and impose or resuspend any or all of that period previously suspended." Code § 19.2-306.1(B).

Code § 19.2-306.1(A) includes an enumerated list of technical violations as defined by the General Assembly. This subsection lists ten technical violations, including Code § 19.2-306.1(A)(iii), which provides that "[f]or the purposes of [Code § 19.2-306.1], 'technical violation' means a violation based on the probationer's failure to . . . report within three days of release from incarceration."

At trial, the Commonwealth argued that Code § 19.2-306.1(A)(iii) did not apply in the instant case and thus appellant's probation violation was not a technical violation. The trial court subsequently sentenced appellant to a term of active incarceration, which would only be permitted under the statute if appellant's probation violation did not constitute a technical violation. Therefore, this case turns on this Court's interpretation of Code § 19.2-306.1(A)(iii).

- 4 -

"[A]n issue of statutory interpretation is a pure question of law which we review de novo." *Taylor v. Commonwealth*, 298 Va. 336, 341 (2020) (quoting *Conyers v. Martial Arts World of Richmond, Inc.*, 273 Va. 96, 104 (2007)). Appellate courts "must assume that the General Assembly chose, with care, the words it used in enacting the statute, and we are bound by those words when we apply the statute." *Jordan v. Commonwealth*, 295 Va. 70, 75 (2018) (quoting *Halifax Corp. v. First Union Nat'l Bank*, 262 Va. 91, 100 (2001)). Accordingly, we will apply a statute's "plain meaning . . . unless the terms are ambiguous or applying the plain language would lead to an absurd result." *Taylor*, 298 Va. at 341 (alteration in original) (quoting *Baker v. Commonwealth*, 284 Va. 572, 576 (2012)).

As noted above, Code § 19.2-306.1(A)(iii) provides that a probationer's failure to "report within three days of release from incarceration" is a technical violation. On appeal, the Commonwealth argues that Code § 19.2-306.1(A)(iii) applies when a probationer does in fact report to probation but simply fails to do so "within three days of release from incarceration." Therefore, it contends that Code § 19.2-306.1(A)(iii) does not apply here where appellant *never* reported to probation. The Commonwealth argues that the plain language of the statute supports this interpretation because there is no specific enumerated technical violation for failing to report to probation to initiate supervision. Instead, the Commonwealth asserts that "[w]hile the General Assembly could have pronounced that 'failing to initiate supervision by reporting to the designated probation office' is a mere technical violation, it elected not to do so, and it is not the function of the judiciary to write additional technical violations into the statute."

We reject the Commonwealth's argument because it would have us write additional language into Code § 19.2-306.1(A)(iii) not found in the text of the statute. "[C]ourts cannot, by judicial interpretation, add language to a statute that the General Assembly did not include in its enactment." *Young v. Commonwealth*, 273 Va. 528, 534 (2007). "This Court may not construe

the plain language of a statute 'in a manner that amounts to holding that the General Assembly meant to add a requirement to the statute that it did not actually express.'" *Commonwealth v. Amos*, 287 Va. 301, 307 (2014) (quoting *Vaughn, Inc. v. Beck*, 262 Va. 673, 679 (2001)). "[W]hen the General Assembly has used words of a plain and definite import, courts cannot assign to them a construction that effectively would add words to the statute and vary the plain meaning of the language used." *Woods v. Mendez*, 265 Va. 68, 75 (2003). Here, the General Assembly used words of a plain and definite import. Code § 19.2-306.1(A)(iii) makes failure to "report within three days of release from incarceration" a technical violation. The plain language of the statute is unambiguous and provides no further limitation on establishing a technical violation other than a probationer's failure to report within three days of release from incarceration. Because we cannot read additional language or requirements into a statute enacted by the General Assembly, we conclude that the failure to "report within three days of release from incarceration" specified by Code § 19.2-306.1(A)(iii) means exactly that, with no other limitation. Therefore, because nothing in the plain language of the statute indicates that a probationer must eventually report for their behavior to constitute a technical violation under Code § 19.2-306.1(A)(iii), we reject the Commonwealth's argument asserting the same.[1]

---

[1] At oral argument, the Commonwealth also argued that accepting appellant's assertion that Code § 19.2-306.1(A)(iii) applies when a probationer fails to report at all would be illogical because Code § 19.2-306.1(A) also provides that absconding from probation is a technical violation, but one that carries a higher penalty than clause (iii). Code § 19.2-306.1(A)(x) provides that a technical violation occurs when the probationer fails to "maintain contact with the probation officer whereby his whereabouts are no longer known to the probation officer." Under Code § 19.2-306.1(C), "a first technical violation based on clause . . . (x) of subsection A shall be considered a second technical violation," which allows a court to sentence a probationer to up to fourteen days in jail, in contrast to a violation of clause (iii), for which the statute prohibits a court from imposing any term of active incarceration for a first violation.

The Commonwealth argues that interpreting the statute to impose a lesser penalty for failing to report to probation at all, which it contends is a more serious offense than reporting to probation and then absconding, defies common sense. However, as an appellate court, we decline to opine on the wisdom of enacted legislation. Instead, "[t]he duty of the courts is 'to construe the law as it is written.'" *Janvier v. Arminio*, 272 Va. 353, 366 (2006) (quoting

Here, appellant failed to report to probation within three days of his release from incarceration.  Because we hold that a violation of Code § 19.2-306.1(A)(iii) does not require that a probationer must have eventually reported to probation, we conclude that appellant's behavior fell under Code § 19.2-306.1(A)(iii) and constituted a first technical violation.[2]  Accordingly, we hold that the trial court erred in sentencing appellant to an active period of incarceration pursuant to Code § 19.2-306.1(C).[3]

## III.  CONCLUSION

For the reasons set forth above, we reverse and remand for resentencing in accordance with this opinion.

*Reversed and remanded.*

---

*Hampton Roads Sanitation Dist. Comm'n v. City of Chesapeake*, 218 Va. 696, 702 (1978)); *see also Mouberry v. Commonwealth*, 39 Va. App. 576, 585 (2003) (holding that concerns about the wisdom and propriety of legislation "can only be resolved by the legislative branch").

Further, the Commonwealth does not argue on appeal (and did not argue to the trial court below) that appellant's behavior constituted a violation of Code § 19.2-306.1(A)(x).  In fact, the Commonwealth explicitly stated in its brief that this "question is not before this Court on appeal."  Therefore, we do not reach the question of whether appellant's behavior could also have been a violation of clause (x) of Code § 19.2-306.1(A), which, even as a first technical violation would have allowed an active sentence of up to fourteen days.

[2] At trial, the court also made remarks suggesting that it was not certain that Code § 19.2-306.1 applied to misdemeanor offenses.  We note that implicit in our holding that Code § 19.2-306.1(A)(iii) applies to the misdemeanor offense in this case is the conclusion that this statute applies equally to felonies as well as to misdemeanors.  There is nothing in the statutory scheme as set forth in Code § 19.2-306 and Code § 19.2-306.1 indicating that these provisions apply solely to felonies.  *See* Code § 19.2-306(A) (discussing a court's ability to revoke the suspension of a sentence "in *any case* in which the court has suspended the execution or imposition of sentence" (emphasis added)).

[3] Because we reverse and remand for resentencing on the ground that the trial court erred in not finding Code § 19.2-306.1(A)(iii) applicable to the facts of the case, we do not address appellant's second assignment of error, that his sentence was an abuse of discretion given the mitigation evidence presented.