UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Friedman, Chaney and Raphael
Argued by videoconference

STEPHEN DWAYNE WHITE

v.      Record No. 0311-24-4

COMMONWEALTH OF VIRGINIA                MEMORANDUM OPINION* BY
                                        JUDGE VERNIDA R. CHANEY
STEPHEN DWAYNE WHITE                          JULY 22, 2025

v.      Record No. 0312-24-4

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
James P. Fisher, Judge

Eric Weathers, Assistant Public Defender (Catherine French
Zagurskie, Chief Appellate Counsel; Virginia Indigent Defense
Commission, on briefs), for appellant.

Mary Catherine Talbott, Assistant Attorney General (Jason S.
Miyares, Attorney General, on brief), for appellee.


In these consolidated appeals, Stephen Dwayne White challenges the circuit court's decision

revoking his probation and suspended sentences. White contends that, because his "Condition 6 and

Condition 8 violations arose from a single course of conduct, the [circuit] court erred by treating

them separately for purposes of sentencing." White also argues the circuit court erred in its ruling

on his motion for reconsideration finding that, even if White's violations did arise from a single

course of conduct, "the absconding violation constitutes another ground upon which [White's]

violation could be considered a 'third or subsequent' violation of probation." White finally argues

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

the circuit court abused its discretion in "sentencing White to four years and fourteen days of incarceration." For the following reasons, this Court disagrees and affirms the circuit court's decisions.

BACKGROUND[1]

In July 2014, White was convicted of four counts of distribution of heroin, one count of conspiracy to distribute heroin, and one count of failure to appear in court. The circuit court sentenced White to 27 years of incarceration with 20 years suspended. After his active incarceration ended, the court placed White on supervised probation for eight years.

In 2021, White's probation officer filed a major violation report (MVR) stating that White had violated Condition 6 (failing to follow his probation officer's instructions and be truthful, cooperative, and report as instructed) and Condition 8 (using, possessing, or distributing controlled substances) of his probation. The circuit court found that White violated both conditions but had already served his sentence for one of the convictions for distributing heroin. For his probation on the remaining three distribution offenses, conspiracy, and failing to appear, the circuit court revoked the suspended sentences and resuspended all but 14 days.[2]

On August 8, 2023, White's probation officer filed a second MVR alleging that White had violated Condition 6 of probation for conduct that occurred on April 6, April 19, May 11, May 12, June 26, and July 3, 2023. The MVR also stated that White violated Condition 8 of probation on both April 6 and 19, 2023. Based on the MVR, the circuit court issued a capias for White's arrest

---

[1] "In revocation appeals, the [circuit] court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "The evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below." *Id.*

[2] "[I]f the court finds, by a preponderance of the evidence, that the defendant committed a second technical violation . . . the court may impose not more than 14 days of active incarceration[.]" Code § 19.2-306.1(C).

and assigned separate court numbers for the Condition 6 and Condition 8 alleged probation violations.

On November 28, 2023, White's probation officer filed an addendum to the MVR alleging that White violated Condition 11 (absconding from supervision). The report stated that White had no contact with his probation officer since July 7, 2023. The police arrested White on December 14, 2023. The court scheduled two separate hearings for the Condition 6 and Condition 8 violations, both to be held on January 22, 2024.

At the hearing on the violation of Condition 6, White admitted to the violation. White testified that he had been working two jobs, been consistent with his Suboxone treatment, and complied with probation supervision until April 2023, when he discovered that his wife was cheating on him. White said the situation "threw [him] into a downward spiral," and in response, he relapsed into heroin and fentanyl use. White intended to get "back to work" following this event. He planned to live with his girlfriend, who was supportive and could provide him transportation, and participate in Narcotics Anonymous meetings.

During argument on sentencing, White asked the circuit court to impose an active sentence of no more than 14 days as it was his second technical violation of probation. Counsel stressed that White's recent probation had been successful until his wife's infidelity triggered his relapse. In the Condition 6 violation hearing, the circuit court revoked 14 days of suspended time and ordered White to serve it.

After taking a lunch recess, during which time White was "remanded to the custody of the sheriff," the circuit court convened a separate hearing on the violation of Condition 8. White conceded the violation. White testified again, reiterating that his wife's infidelity led him to his relapse. White said that he had a positive drug test and had signed an admission of drug use. White again restated his plan for success if released and pledged that he would not relapse.

- 3 -

Defense counsel asked the circuit court not to impose any active sentence in addition to what White had already served and allow him to pursue recovery from drug addiction. Counsel added that the violations were a part of a "common scheme" triggered by his wife's infidelity and asserted that White had not incurred new convictions, such that both the Condition 6 and Condition 8 violations should together constitute White's second technical violation.

The circuit court observed that it had already found that White's probation violations involved separate courses of conduct. Following the Condition 8 hearing, the circuit court revoked the suspended sentences and resuspended all but four years. The circuit court also terminated White's probation.

White filed a motion to reconsider his sentence in both the Condition 6 and 8 revocations. He moved for "reconsideration of his sentences due to the [c]ourt's improper severance of his technical violations during his probationary period." White alleged that the violations were "all technical violations as defined in [Code] § 19.2-306.1 which are a part of the same course of conduct." White argued that the circuit court "improperly separated this conduct into two separate probation violation hearings" and requested the court reconsider his sentences "due to the [c]ourt's improper severance of his technical violations during his probationary period."

The circuit court denied the motion to reconsider by order. The circuit court rejected White's arguments, finding that this Court's definition of a "single course of conduct" in *Canales v. Commonwealth*, 78 Va. App. 353, 370 (2023), controlled. In addition, the circuit court noted that White's Condition 11 violation for absconding was "[c]learly severable," and "constitute[d] another ground upon which the defendant's violation could be considered as a 'third or subsequent' violation of probation." Thus, the circuit court reasoned, its "disposition would have been no different." White appeals.

- 4 -

I.  The circuit court did not abuse its discretion in sentencing White on his second and third technical violations.

Asserting that the circuit court "erred by denying . . . White's motion to reconsider," White argues that the "Condition 6 and Condition 8 violations arose from a single course of conduct," and the circuit court "erred by treating them separately for purposes of sentencing."[3] He maintains all the violations arose from the same course of conduct, which was his "downward spiral after his relapse."

In an appeal of a probation revocation, the circuit court's "findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion." *Green v. Commonwealth*, 75 Va. App. 69, 76 (2022) (quoting *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013)).  But "an issue of statutory interpretation is a pure question of law which we review de novo." *Id.* (quoting *Conyers v. Martial Arts World of Richmond, Inc.*, 273 Va. 96, 104 (2007)).  "Appellate courts 'must assume that the General Assembly chose, with care, the words it used in enacting the statute, and we are bound by those words when we apply the statute.'" *Henthorne v. Commonwealth*, 76 Va. App. 60, 66 (2022) (quoting *Jordan v. Commonwealth*, 295 Va. 70, 75 (2018)).  "Accordingly, we will apply a statute's 'plain meaning . . . unless the terms are ambiguous or applying the plain language would lead to an absurd result.'" *Id.* (alteration in original) (quoting *Taylor v. Commonwealth*, 298 Va. 336, 341 (2020)).

Having found good cause to believe that White violated the terms of his supervised probation, as White conceded to violating probation at both hearings, and "[s]ubject to the provisions of § 19.2-306.2," the circuit court was authorized to revoke his suspended sentence and "impose a sentence in accordance with the provisions of § 19.2-306.1."  Code

---

[3] On appeal, White does not appear to challenge the circuit court's decision to hold successive revocation hearings rather than one, so we do not consider this question.

§ 19.2-306(A), (C). Technical violations of probation are "based on a probationer's failure to do one of ten enumerated actions" listed in Code § 19.2-306.1(A). *Thomas v. Commonwealth*, 77 Va. App. 613, 621 (2023) (quoting *Heart v. Commonwealth*, 75 Va. App. 453, 466 (2022)). "When a court revokes a suspended sentence based on any of the enumerated 'technical' violations, it has limited options regarding the imposition of active incarceration." *Id.* at 622. Courts must follow the "limited sentencing scheme under Code § 19.2-306.1(C)." *Burford v. Commonwealth*, 78 Va. App. 170, 182 (2023).

Under Code § 19.2-306.1(C), upon a second technical violation, "there shall be a presumption against imposing a sentence of a term of active incarceration," but, upon a finding by the preponderance of the evidence that the defendant "cannot be safely diverted from active incarceration through less restrictive means," the circuit court "may impose not more than 14 days of active incarceration[.]" Code § 19.2-306.1(C). For a "third or subsequent technical violation," "[t]he court may impose whatever sentence might have been originally imposed[.]" *Id.* "Multiple technical violations *arising from a single course of conduct* or a single incident or considered at the same revocation hearing shall not be considered separate technical violations for the purposes of sentencing[.]" Code § 19.2-306.1(A) (emphasis added).

There is no dispute that White's Condition 6 and 8 violations, as alleged in the MVR and conceded in the circuit court, constituted technical violations under Code § 19.2-306.1. *See* Code § 19.2-306.1(A)(v) and (vii). Thus, if the Condition 6 and Condition 8 violations arose from a single course of conduct, under Code § 19.2-306.1(A) the violations should have been treated as a single technical violation for purposes of White's sentencing.

This Court defined the phrase "a single course of conduct" in Code § 19.2-306.1(A) to mean "an ordered continuing process, succession, sequence, or series of acts or behavior." *Canales*, 78 Va. App. at 368. By "limiting the scope of sentencing for multiple technical

violations arising from 'a single course of conduct,'" the General Assembly "intended the [circuit] court to focus upon the overall conduct that formed the basis for the violation of a probation condition, regardless of whether the conduct occurred more than once." *Id.*

Moreover, this Court rejected the defendant's assertion that "such is the behavior of a drug addict" as an explanation for why the conduct constituted a single course of conduct. *Id.* at 370. Instead, this Court determined that "[u]sing controlled substances and missing appointments are not the same act or behavior." *Id.* at 369.

On appeal to the Supreme Court, the Court expanded on the definition of "single course of conduct" by defining "continuing" as "uninterrupted; persisting." *Commonwealth v. Canales*, ___ Va. ___, ___ (Apr. 10, 2025). Thus, "a single course of conduct" refers to "an uninterrupted and unbroken series of actions." *Id.* at ___. "The actions underlying a 'single course of conduct' are necessarily connected by time, place, and other circumstances." *Id.* at ___.

The Supreme Court in *Canales* explained that determining whether a series of behavior constitutes a "single course of conduct" requires a "fact-intensive inquiry." *Id.* at ___. There, Canales violated Conditions 6 and 8 of his probation on seven different occasions between May 25, 2021 and October 12, 2021. *Id.* at ___. These violations occurred over five months but were "separated by time periods that ranged from six days to over two months." *Id.* at ___. The Court explained that, because the violations were separated by "periods of compliance," it "interrupted the underlying sequence of behavior" at issue. *Id.* at ___. Thus, "the circuit court permissibly determined that Castillo Canales' probation violations were separate and distinct events" under Code § 19.2-306.1. *Id.* at ___.

Similar to *Canales*, this Court rejects White's argument that failing to appear for drug screens and appointments with his probation officer is the "behavior of a drug addict" fueled by his discovery of his wife's infidelity and thus a single course of conduct. As the probation

officer alleged, White repeatedly missed appointments and did not maintain contact. In addition, White relapsed into drug use during his probation, and admitted as much at his probation revocation hearings.

Also similar to *Canales*, White's violations were interrupted by "periods of compliance." The circuit court found that White violated the terms of his probation by: failing to comply with his probation officer's instructions on April 6, 2023; failing a drug screen on April 6, 2023; failing to comply with his probation officer's instructions on April 19, 2023; failing to produce a urine sample but signed an admission of use sheet on April 19, 2023; failing to attend an appointment with his probation officer on May 11, 2023; failing to attend an appointment with his probation officer on May 12, 2023; failing to attend an appointment with his probation officer on June 30, 2023; and failing to attend an appointment with his probation officer on July 6, 2023. These violations occurred over four months and "were separated by time periods that ranged" from one day to six weeks. *Canales*, ___ Va. at ___. Therefore, the circuit court could reasonably find that White's violations were interrupted by periods of compliance, such that the violations are separate courses of conduct, each of which can be sentenced separately. *See id.* at ___.

II. The circuit court did not abuse its discretion by sentencing White for a third technical violation.

White argues that the circuit court's imposition of sentence was "influenced by an error of law" and judgment and abused its discretion in sentencing him. However, having found White guilty of his second and third technical violations, the circuit court had the authority to sentence him within the parameters of Code § 19.2-306.1(C). The 14-day sentence for the Condition 6 violation and the four-year sentence for the Condition 8 violation were permissible under the sentencing limitations of Code § 19.2-306.1(C).

At the revocation hearings, the circuit court heard testimony that White initially complied with his probation but relapsed into drug use after discovering his wife's infidelity. White also stated his intention to work, seek resources to control his addiction, and avoid drug use in the future. But it was within the circuit court's purview to weigh any mitigating factors, in fashioning an appropriate revocation sentence. *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). "Barring clear evidence to the contrary, this Court will not presume that a [circuit] court purposefully ignored mitigating factors in blind pursuit of a harsh sentence." *Bassett v. Commonwealth*, 13 Va. App. 580, 584 (1992).

"The statutes dealing with probation and suspension are remedial and intended to give the [circuit] court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). White's conduct supports a finding that he was not amenable to rehabilitation.

Under Code § 19.2-306.1(C), a circuit court may "impose whatever sentence might have been originally imposed" upon a third or subsequent technical violation. "[O]nce it is determined that a sentence is within the limitations set forth in the statute under which it is imposed, appellate review is at an end." *Guest v. Commonwealth*, 78 Va. App. 187, 198 (2023) (alteration in original) (quoting *Minh Duy Du v. Commonwealth*, 292 Va. 555, 565 (2016)). Here, the circuit court sentenced White to four years for his third technical violation, well within the 27 years originally imposed. Therefore, we see no error in the court exercising its discretion in sentencing White to 14 days for the second technical violation and 4 years for the third technical violation.[4]

---

[4] White also contends that the circuit court erred when it cited his Condition 11 absconding violation as an alternative ground upon which White's "violation could be considered a 'third or subsequent' violation of probation and hence the court's disposition would have been no different." The circuit court did not hold a hearing on White's Condition 11 violation. *See Morrissey v. Brewer*, 408 U.S. 471, 489 (1972) (noting the minimum

CONCLUSION

For the foregoing reasons, this Court affirms the circuit court's judgment.

*Affirmed.*

---

requirements for due process for a probationer, including the "opportunity to be heard in person and to present witnesses and documentary evidence"). However, we need not address this question because, even if we assume that White's contention is correct, the outcome does not change. *See Commonwealth v. White*, 293 Va. 411, 419 (2017) (recognizing that "judicial restraint dictates that we decide cases on the best and narrowest grounds available" and that the "best and narrowest ground" can be that "the alleged [circuit] court error, *if error at all*, was harmless as a matter of law" (emphasis added) (internal quotation marks and citation omitted)). Here, the "best and narrowest ground for decision" is the conclusion that, assuming without deciding that it was error to cite White's alleged Condition 11 violation as an alternative ground for sentencing, "that error . . . was harmless as a matter of law." *Drexel v. Commonwealth*, 80 Va. App. 720, 751 (2024) (alteration in original).